IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL LEE JORDAN, #34318                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 3:23-cv-201-HTW-LGI

MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.                                    DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

This case is before the Court on Plaintiff Jordan's letter Motion [7] for a Temporary Restraining Order.   Having considered Jordan's filings and the applicable law, the undersigned recommends that Jordan's Motion [7] be denied.

Jordan is a post-conviction inmate incarcerated at the Walnut Grove Correctional Facility in Walnut Grove, Mississippi, and he is proceeding *in forma pauperis*.   He brings this conditions-of-confinement Complaint [1] pursuant to 42 U.S.C. § 1983, which the Court is screening pursuant to the Prison Litigation Reform Act.   In his Complaint, Jordan primarily complains about his medical care at the prison.   In his letter Motion [7] for Temporary Restraining Order, Jordan complains about the opening of his legal or privileged mail by prison officials and his belief that he may not have received all of his legal mail.   Jordan seeks an extension of time for deadlines he may have missed, and he seeks "a TRO against Superintendent Brady Sistrunk to prevent the interfering with all privileged mail by him or any of the staff here at Walnut Grove Correctional Facility." Mot. [7] at 1.

Since Jordan seeks relief that if granted would exceed the 14-day limit of a temporary restraining order, his Motion is in effect a request for a preliminary

injunction.    *See* Fed. R. Civ. P. 65(b); *Dixon v. Vanderbilt*, 122 Fed. App'x 694, 695

(5th Cir. 2004).    In order to receive a preliminary injunction, Jordan must

demonstrate:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).    A preliminary injunction

"should not be granted unless the party seeking it has clearly carried the burden of

persuasion on all four requirements."    *Planned Parenthood Ass'n of Hidalgo Cnty.*

*Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation omitted).

Furthermore, the granting or denial of a motion for a preliminary injunction rests

in the sound discretion of the trial court.    *Lakedreams v. Taylor*, 932 F.2d 1103,

1107 (5th Cir. 1991) (citation omitted).    The primary justification for applying this

remedy is to preserve the Court's ability to render a meaningful decision on the

merits.    *See Canal Auth. of Fla. v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974).

After evaluation of Jordan's Motion in accordance with the applicable law,

the undersigned finds that Jordan fails to carry his burden of persuasion as to the

required factors for preliminary injunctive relief.    Initially, the undersigned notes

that Jordan has not missed any deadlines in this case and there is no pending

deadline to extend.    Next, Jordan cannot establish a substantial likelihood of

success on the merits with respect to his mail interference claims because "prison

officials may open incoming legal mail to inspect it for contraband." *Jones v. Mail Room Staff*, 74 F. App'x 418, 419 (5th Cir. 2003) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 820–21 (5th Cir. 1993)).    Further, "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected." *Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015) (citing *Brewer*, 3 F.3d at 825).    Jordan does not allege that he was prejudiced in any way in a legal proceeding or prevented from filing a legal document because the mail room staff opened his legal mail.

The undersigned likewise finds that issuing an injunction to a particular state prison superintendent regarding internal mail room policies and procedures would not serve the public interest.    *See, e.g.*, *Hickman v. Silva*, No. C-12-209, 2013 WL 620286, at *3 (S.D. Tex. Jan. 28, 2013) (denying prisoner's motion for preliminary injunction finding "[a]ny injunction directed at state [prison] officials presumably causes some level of inconvenience for them and requires the expenditure of some amount of taxpayer funds, thus resulting in damage to Defendants and the public interest"); *see also Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order.").    Furthermore, to the extent Jordan is seeking a general injunction directing prison officials to obey the law, he is not entitled to relief.    "[G]eneral injunction[s] which in essence order[] a defendant to obey the law" are prohibited by Fed. R. Civ. P. 65(d).    *Sec. & Exch. Comm'n v. Life Partners*

*Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (citation omitted).

In summary, the undersigned finds that the Court will be able to render a meaningful decision without granting a preliminary injunction.    Therefore, Jordan's Motion should be denied without a hearing.

## RECOMMENDATION

For the reasons stated, the undersigned recommends that Plaintiff Jordan's letter Motion [7] for a Temporary Restraining Order, which in effect seeks a Preliminary Injunction, be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.    Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error.    *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This, the 30th day of November, 2023.

s/ *LaKeysha Greer Isaac*

UNITED STATES MAGISTRATE JUDGE